IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THE PARK AT GALAWAY and BLUE MAGMA RESIDENTIAL LLC,<br><br>                Plaintiffs,<br><br>   v.<br><br>LATANYA ELLIOTT and All Others,<br><br>                Defendant. | CIVIL ACTION FILE NO.<br><br>1:19-CV-05526-ELR-JFK |

## FINAL REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on Defendant Latanya Elliott's application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

## I.    Background Facts

Plaintiffs The Park at Galaway and Blue Magma Residential LLC, the owner and agent of the real property commonly known as 4041 Seven Oaks Lane, Unit C, East Point, Georgia 30344, filed a dispossessory proceeding against tenant holding over in the Magistrate Court of Fulton County, Georgia, on or about November 28, 2019, civil action number 19ED142984, against Defendant Latanya Elliott and all others for failing to pay rent which is past due.  [Doc. 1-2 at 6 ("Dispossessory Proceeding")].  On December 9, 2019, Defendant filed a "Motion for Dissolution of Eviction" seeking a federal stay of eviction arising out of the dispossessory action. [Doc. 1-1 ("Motion")].  Along with the dispossessory proceeding, Defendant filed a "Consent Agreement" bearing the Plaintiffs' attorney's signature and Defendant's signature which sets forth the terms for payment of past due rent and for the issuance of a writ of possession for Defendant.  [Doc. 1-1 at 7 ("Consent Agreement")].  The Clerk of Court construed Defendant's filing as a removal of the dispossessory proceeding.  [Doc. 1].

A review of the docket for the Fulton County dispossessory proceeding, 19ED142984, indicates that on November 19, 2019, the Fulton County Magistrate Judge executed the Consent Agreement making it the order of court.    See

2

AO 72A
(Rev.8/82)

https://publicrecordsaccess.fultoncountyga.gov/Portal/DocumentViewer/EXMuReX,
follow link to 19ED142984 (last viewed December 9, 2019). Additionally, the Fulton
County Magistrate Judge entered a writ of possession for Plaintiffs on December 6,
2019. Id. And, on December 9, 2019, the instant motion filed in this court appears
on the Fulton County Magistrate Court docket as an "appeal" of the dispossessory
proceeding. Id. The Fulton County Magistrate Court proceeding is closed. Id.

## II.   Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State
court of which the district courts of the United States have original jurisdiction, may
be removed by the defendant or the defendants, to the district court of the United
States for the district and division embracing the place where such action is pending."
28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that
the district court lacks subject matter jurisdiction, the case shall be remanded." 28
U.S.C. § 1447(c). See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all
federal courts "have an independent obligation to determine whether subject-matter
jurisdiction exists, even in the absence of a challenge from any party"). "[I]n removal
cases, the burden is on the party who sought removal to demonstrate that federal
jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th

3

AO 72A
(Rev.8/82)

Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant Elliott bases her "Motion for Dissolution of Eviction" arising out of Plaintiff's dispossessory proceeding on O.C.G.A. §§ 44-14-268, 44-14-267, 9-11-60, 44-14-162, 9-11-65 and on an alleged breach of the "Consent Agreement." [Motion]. Whether Plaintiff is seeking to remove the dispossessory proceeding or seeking an appeal of the Consent Agreement and Writ of Possession by filing the motion in this court, Plaintiff must establish federal subject matter jurisdiction. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted). Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

In the present case, based on the filings contained in the notice of removal and on docket for the Fulton County Magistrate Court dispossessory proceeding, the court

4

AO 72A
(Rev.8/82)

finds that Plaintiffs in the dispossessory proceeding relied exclusively on state law when they filed a dispossessory action in the Magistrate Court of Fulton County. A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50. See Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); Ikomoni v. Executive Asset Management, LLC, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (March 16, 2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq*.'") (citation omitted) (emphasis added). No federal question is presented by Plaintiffs' dispossessory proceeding. "This is an action for possession of premises and past due rent, which are decidedly state-law claims." Retreat LLC v. Chisolm, 2018 WL 3080085, at *4 (N.D. Ga. May 23, 2018), report and recommendation adopted by, 2018 WL 3067843 (N.D. Ga. June 20, 2018). Additionally, no federal statutes or claims or issues are set forth in Defendant's defenses to eviction as stated in the motion filed in this court. [Removal].

There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption. Caterpillar, 107 S. Ct. at 2430.

Furthermore, Defendant does not assert, and there is no evidence, that she could establish jurisdiction based on diversity. To do so, Defendant would have to show

AO 72A
(Rev.8/82)

that there is complete diversity of citizenship between Defendant and Plaintiffs and that the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a)(1). There is no evidence of diversity of citizenship. As to damages, as evidenced by the Consent Agreement, Plaintiffs' dispossessory action sought the ejectment of Defendant from the property due to failure to pay past due rent, and the amount apparently sought by and to be paid to Plaintiffs, $2,475.00, does not meet the amount in controversy threshold. [Consent Agreement]. Again, the court looks to Plaintiffs' dispossessory claim to determine whether removal jurisdiction is appropriate. See Burns, 31 F.3d at 1095; Novastar, 173 F. Supp. 2d at 1361. And Defendant only seeks damages in the amount of $5,000.00 for Plaintiffs' allegedly wrongful actions in the dispossessory proceeding which would not, even if considered, independently provide a basis for diversity jurisdiction.

Finally, as noted, there is an Consent Agreement and Writ of Possession entered by the Judge of the Magistrate Court of Fulton County. See https://publicrecordsaccess.fultoncountyga.gov/Portal/DocumentViewer/EXMuReX, follow link to 19ED115940 (last viewed December 9, 2019). Defendant apparently seeks to appeal the entry of the Consent Agreement and Writ of Possession in this court. "[T]he Court cannot provide [Defendant Elliott] any such relief." Aning v. Fed. Nat'l Mortg. Assoc., 2014 WL 12115976, at *7 (N.D. Ga. September 25, 2014).

6

As stated by District Judge Cooper in Aning, "Courts have consistently held that the [Anti-Injunction] Act[, 28 U.S.C. § 2283,] precludes a district court from enjoining a state-ordered eviction." Id. (citing Paulo v. OneWest Bank, FSB, 2014 WL 3557703, at *5 (N.D. Ga. July 18, 2014); Baker v. CitiMortgage, Inc., 2013 WL 4217433, at *4 (N.D. Ga. August 14, 2013); Bailey v. Deutsche Bank Trust Co. Americas, 2013 WL 395969, at *1 (S.D. Ga. January 31, 2013)). Likewise, Defendant is not entitled to a stay of eviction. See American Homes 4 Rent Properties Eight, LLC v. Dynott, 2015 WL 5920130, at *2 & n.4 (N.D. Ga. October 8, 2015) (denying the defendant's motion to stay state court dispossessory proceedings as moot because court lacked subject-matter jurisdiction and noting that, "[e]ven if subject-matter jurisdiction existed, the Court [would be] unable to grant Defendant the relief he seeks - a stay of state court eviction proceedings - because a federal court is prohibited under the Anti-Injunction Act . . . from enjoining a state court eviction proceeding"); U.S. Bank National Ass'n v. Sanders, 2015 WL 1568803, at *3 (N.D. Ga. April 7, 2015) ("Because this action is required to be remanded, Defendant's . . . Motion to Stay . . . [should be] denied."); and see CF Lane, LLC v. Stephens, 2014 WL 1572472, at *2 (N.D. Ga. April 17, 2014) ("this Court cannot enjoin a state court action for eviction").

7

For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c) or otherwise dismissed for lack of jurisdiction.

## III.   Conclusion

Accordingly, because Defendant Elliott failed to demonstrate any lawful basis for removal of this action to this court or for otherwise proceeding in this court on the motion, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Fulton County where it was last pending.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 9th day of December, 2019.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

8